EDWARD R. SECCOMB & another *vs.* PROVINCIAL INSURANCE COMPANY.

Exceptions are waived by the acceptance of an order granting a new trial, on motion, although by the order only a certain specified question is left open.

If a motion for a new trial is granted for the purpose of submitting to another jury a single specified question of fact, the party who obtained the verdict may waive the condition in his favor; and if at the new trial he puts his case upon another ground, the whole case is thereby opened to the other party.

CONTRACT on two policies of insurance, by which the defendants insured the plaintiffs' bark Nautilus from ports in South America to the United States. Upon each policy the following indorsement was added: " Liberty is given to deviate by going to port or ports in Europe, by paying an equitable premium therefor."

At the first trial, in the superior court of the county of Suffolk, before *Huntington,* J., it appeared that the vessel sailed from South America to Malta, and thence to Constantinople, where the master obtained a charter from the French Government to run between Constantinople and the Crimea, under which a trip was made to Kameish, in the Crimea, and the vessel returned to Constantinople, and sailed thence for Smyrna, where she took in a cargo for Boston, and sailed upon the voyage, and was lost off the American coast. A verdict was returned for the plaintiffs, and the defendants alleged exceptions to the rulings of the judge, and also filed a motion for a new trial on the ground that the verdict was against the weight of evidence. Upon this motion the following order was made : " Motion for a new trial granted, for the purpose of submitting to another jury the question whether the voyage of the Nautilus from Constantinople to Smyrna, and thence to her port of discharge in the United States, was within the terms of the policies of insurance and deviation clauses, involving the question whether Smyrna, in a commercial sense and by commercial usage, was a port in Europe, and whether such usage, if proved and found, would be a good or bad usage. For the purposes of the new trial, all other matters of fact and law necessary to maintain the action, and to entitle the plaintiffs to recover, are to be taken as established in their favor."

A new trial was had in the superior court, pursuant to the above order, and the jury disagreed. A third trial was had, before *Lord,* J., at which the defendants requested the judge to allow a trial on all the issues raised by the pleadings ; which the judge declined to do, and limited the trial to the order.

The plaintiffs' witnesses testified that Smyrna is a port in Asia, some three or four hundred miles from Constantinople, and from thirty to fifty miles out of the direct course of vessels going from Constantinople to the United States. The defendants, under the order above referred to, objected that no other evidence was admissible except that Smyrna was a port in Europe, by usage ; but the judge ruled otherwise. Some of the witnesses were asked by the plaintiffs' counsel whether or not,

before the date of the policies in suit, if a vessel was at Constantinople, bound to a port of discharge in the United States, it was the usual and ordinary course of the voyage to go into Smyrna for a part or the whole of a cargo, and then home to her port of discharge, unless there was some special order or charter to go elsewhere; and some of the witnesses answered that question affirmatively.

A verdict was returned for the plaintiffs, and the defendants alleged exceptions.

The defendants claimed the right to be heard upon their exceptions taken in the first trial, and the facts and circumstances under which the order was made setting aside the verdict then rendered were reported to the court by a commissioner appointed for the purpose.

*R. H. Dana, Jr. & C. W. Loring,* for the defendants.

*H. F. Durant & G. F. Homer,* for the plaintiffs.

Bigelow, C. J.[*] The exceptions taken by the defendants at the first trial of this case were waived and abandoned by their acceptance of the new trial, which was granted on their motion. This is the necessary result of the order of the court setting aside the verdict. The exceptions to the rulings on which the verdict was founded fell with it. In truth, exceptions are in effect nothing more than a motion for a new trial on the ground of error in law, the only difference between the two being that the latter is addressed to the discretion of the court before which the case was tried, while the former lie as a matter of right to the court for the correction of errors. But, in either case, only one of two results can be obtained. The court must either set aside or affirm the verdict. If the defendants should now be permitted to go on and prosecute their exceptions taken at the first trial, they would gain no practical advantage thereby. If successful in maintaining them, this court could pass no effectual order and render no judgment in reversing the rulings. The verdict having been set aside, there is nothing left on which an order sustaining the exceptions can operate. Nor is this all

[*] Merrick and Hoar, JJ. did not sit in this case.

Not only has the first verdict been set aside absolutely, but a new verdict has been since obtained against the defendants, founded on a different state of facts, and involving different principles of law. That will still remain, after the previous exceptions shall have been disposed of; and it is the only verdict that now stands against the defendants. So that the points raised at the first trial, and embraced in the exceptions, are only moot questions, and do not in any way affect the present disposition of the case, which must depend on the correctness of the rulings under which the last verdict was rendered.

Upon examining them, it appears to us that injustice was done to the defendants in the course which the trial was allowed to take. By the order for a new trial, under which the previous verdict was set aside and the defendants elected to try the case anew, we think the issue was limited to the question whether, as a matter of fact, Smyrna could be regarded, in a commercial sense, as a port in Europe. The phraseology of the order is somewhat ambiguous; but, on reference to the facts in proof before us as to the course of the former trial, and the questions which were then submitted to the jury, we are satisfied that this is the true interpretation of the language used by the court in setting aside the former verdict. This, then, was the sole question which the defendants could properly ask in the first instance to have submitted to the jury on the second trial. The plaintiffs had a right to hold them to the strict condition on which the new trial was granted, and to insist that no other issue should be opened. But they could not do this, and at the same time put their own case on a different issue. If they did so, they abandoned the condition on which the new trial was granted, and which was annexed to the order for their benefit. The position of the case, then, was this: The plaintiffs had a right to confine the defendants to the single question whether Smyrna, in a commercial sense and by commercial usage, was a port in Europe. No other issue could be tried, if the plaintiffs saw fit to limit the inquiry according to the condition annexed to the order for a new trial. They, however, were not bound by this condition. They were at liberty to support their claim under

the policies on any other ground which was open under the pleadings. But if they deserted the condition, and availed themselves of their right to raise new issues, or to maintain their case on other and different grounds, it absolved the defendants from the condition, and opened to them additional grounds of defence. They could be properly limited to the question stated in the order for a new trial only in case the plaintiffs insisted on confining the inquiry to that issue. This the plaintiffs did not do. They raised a new issue. Instead of submitting to the jury the question whether Smyrna might be properly regarded, under the terms of the policies, as a port in Europe, they put their case on the issue whether the port of Smyrna might not be deemed, according to the usage of trade, to be in the legitimate course of a voyage from Constantinople to the United States. These were essentially different issues. They do not differ in words only, but in substance. The defendants, in making the election to take a new trial, acted on the presumption arising from the terms of the order, that the only question to be tried was, whether Smyrna was in any just and proper sense to be deemed a port in Europe. If they had known that the question which was actually tried was to be the turning point of the case, they might have refused a new trial, and elected to insist on their original exceptions. It would therefore work injustice to permit the plaintiffs to open new questions, without allowing the defendants to present their defence to the plaintiffs' claim on all the issues properly raised by the pleadings. The result of pursuing a different course would be to shut the defendants off from trying the question which was reserved by the order, and on which they elected to take a new trial, and to compel them to try a single other issue raised by the plaintiffs, and put in a form most favorable to their claim under the policies.

On this ground, without deciding on other questions raised by the exceptions, and which may become immaterial on another trial, we are of opinion that the case should now stand for a hearing before a jury on all the issues properly raised by the pleadings. *Verdict set aside.*